## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**EDMON ISHO,**[1]

        **Petitioner,**

**v.**                                                **Case No. 5:22-cv-00099**

**KATRINA HECKERD,**

        **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

       Pending before the Court are Petitioner Edmon Isho's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's request for dismissal, (ECF No. 7). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is not entitled to relief from this Court as his claim is moot; therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 7), be **GRANTED;** and that this action be **DISMISSED** and

---

[1] The Bureau of Prisons Inmate Locator lists Petitioner as Edmon John Isho, and Petitioner signs his petition as Edmon Isho, although he identifies himself in the Petition as Isho Edmon. The prisoner number is the same for Isho Edmon and Edmon Isho; however, the later appears to be the correct name. Therefore, the Clerk is directed to correct the docket accordingly.

removed from the docket of the court.

## I.    **Relevant History**

Petitioner is a federal prisoner currently incarcerated in Federal Correctional Institution ("FCI") Beckley in Beaver, West Virginia. *See* Find an Inmate, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc, BOP Register Number 72427-097 (last accessed August 5, 2022). He is projected to be released on November 12, 2023. *Id.*

On February 22, 2022, Petitioner filed the instant § 2241 petition and memorandum in support. (ECF Nos. 1, 2). He stated that in December 2020, while he was incarcerated in FCI Fort Dix, he was wrongfully convicted of having contraband, specifically a cell phone battery, pursuant to incident report number 3452782. (ECF No. 2 at 1-2). Petitioner filed this habeas action to "recover" the 41 days of good conduct credit that he lost as a result of the incident, removal of the $500 fine, and expungement of the disciplinary conviction from his record. (*Id.* at 4).

On April 28, 2022, Respondent filed a response in which she moved to dismiss the petition. (ECF No. 7). Respondent noted and attached documentation demonstrating that incident report number 3452782 was expunged upon rehearing on March 29, 2022. (ECF No. 7 at 1). Respondent stated that 41 days of good conduct time was credited back to Petitioner, and the $500.00 encumbrance against Petitioner's Inmate Trust Fund Account to which Petitioner has not yet made any payments was removed. (*Id.* at 2). Therefore, Respondent argued that Petitioner's claim is moot because he received the relief that he requested in the petition. (*Id.*).

The undersigned allotted Petitioner 60 days after service of Respondent's response and motion to dismiss to file a reply. (ECF No. 8). That deadline expired

2

approximately one month ago without any response from Petitioner. Therefore, the matter is ripe for review.

## II.    <u>Standard of Review</u>

Although Respondent does not state under which rule she brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, they are best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(c). Because Respondent filed a Response concurrently with her request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d

3

at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion, without converting it into a motion for summary judgment. *Id.* The court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to

4

raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

## III.    Discussion

As a prerequisite to the exercise of federal jurisdiction, the claim before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual...events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief

demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, Petitioner challenges a disciplinary conviction and sanctions. After

he filed the instant habeas petition, he received a rehearing by a Disciplinary Hearing Officer ("DHO") who expunged the incident report that is the subject of the petition, restored Petitioner's good conduct time, and removed the $500.00 fine to which Petitioner had not yet made any payments. (ECF No. 7-1 at 2). Petitioner does not dispute that he received all of the relief requested in his petition. Therefore, his claim is very clearly moot. *See, e.g., Watson v. Ormond*, No. 3:18CV524, 2020 WL 497485, at \*4 (E.D. Va. Jan. 9, 2020), *report and recommendation adopted,* 2020 WL 496505 (E.D. Va. Jan. 30, 2020); *Poot v. Coakley*, No. 3:16-CV-169, 2017 WL 6597514, at \*4 (N.D.W. Va. Oct. 26, 2017), *report and recommendation adopted*, 2017 WL 6596591 (N.D.W. Va. Dec. 22, 2017).

Neither exception to the mootness doctrine applies in this matter. Petitioner does not assert any collateral consequences that he will suffer from the expunged disciplinary action. Furthermore, given the fact that the Disciplinary Hearing Officer granted relief upon rehearing, it is not reasonable to expect that he will be subjected to the same action in the future. Petitioner's incident report has been expunged, his good conduct credits restored, and the disciplinary fine removed. As there is no further relief which this Court can grant based on the petition, the undersigned **FINDS** that the § 2241 petition is moot and should be dismissed.

**IV.    Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 7), be **GRANTED;** and that this action be **DISMISSED** and removed from

the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and to counsel of record.

**FILED:**  August 5, 2022

Cheryl A. Eifert
United States Magistrate Judge

8